FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 31, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETER JOHN ARENDAS,<br><br>Plaintiff,<br><br>v.<br><br>SGT FRED KILIAN OF THE KLICKITAT COUNTY SHERIFF'S DEPARTMENT<br><br>Defendant. | NO: 1:18-CV-3084-RMP<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

By Order filed August 10, 2018, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss. ECF No. 17. Plaintiff initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, while a prisoner at the Klickitat County Jail in Goldendale, Washington. The Court granted him leave to proceed *in forma pauperis* on August 10, 2018, ECF No. 15.

Since that time, Plaintiff provided a notice of a change of address with a P.O. Box in Eureka, California. ECF No. 20. He simultaneously submitted a First

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

Amended Complaint, ECF No. 21. Thereafter, on September 12, 2018, a person purporting to be Peter John Arendas left several messages with the Clerk of Court indicating that he will not be filing anything further in this and another action. No further written communication has been received from Mr. Arendas.

The Court has reviewed the First Amended Complaint, ECF No. 21. As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), *overruled in part by Lacey*, 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not re-pled)). Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992). Therefore, Defendants John or Jane Doe have been terminated from this action.

Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds that it fails to cure the deficiencies of the initial complaint.

Plaintiff accuses Defendant Sgt. Fred Kilian of "plot[ting]" to falsely accuse Plaintiff of some unspecified wrong, and then arrested Plaintiff at the Amtrak depot in Wishram, Washington, on August 28, 2017, allegedly in violation of

Plaintiff's Fourth Amendment rights. ECF No. 21 at 5. Plaintiff does not support his conclusory assertion of a Fourth Amendment violation with facts.

Plaintiff accuses Defendant Kilian of lying under oath at his trial on October 18, 2017. ECF No. 21 at 6. Witnesses, however, are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings. *Briscoe v. Lahue*, 460 U.S. 325, 345–46 (1983); *see also Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987). Therefore, these claims are subject to dismissal for failing to state a claim for relief.

Plaintiff claims that he was denied an incident report which would have proven that Defendant Kilian knew Amtrak trains arrived daily in Wishram at 7:30 a.m. and 7:30 p.m., and a cell phone photo that would have proven that Defendant Killian encountered Plaintiff and checked his identification two days prior to the arrest. ECF No. 21 at 6. Plaintiff presents no facts indicating these items would have exonerated him. To the extent Plaintiff is arguing that the failure to provide these items resulted in his conviction for an unspecified crime, he has alleged no facts showing that conviction has been set aside.

The sole federal remedy for claims relating directly to the fact and duration of an individual's physical confinement is a federal habeas petition under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). If the favorable disposition of a claim would call into question the validity of a state criminal

conviction, then that claim cannot be entertained in a civil right action for damages until the state conviction has been overturned. *See Heck v. Humphyrey*, 512 U.S. 477, 486 (1994). As presented, Plaintiff has failed to state a cognizable § 1983 claim.

For the reasons set forth above and in the Court's prior Order, ECF No. 17, **IT IS ORDERED** that the complaint, **ECF No. 21**, is **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but **without prejudice** to Plaintiff pursuing appropriate state appellate and federal habeas relief.

This dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g). *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054–57 (9th Cir. 2016). The Court certifies that any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment for Defendants, provide a copy to Plaintiff at his last known address, and **close this case**.

**DATED** October 31, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge